## FRANCIS G. SHAW *vs.* ROBERT T. PAINE, Jr.

A judge of probate has no authority to appoint a trustee under a written instrument without notice to all persons interested.

A testator in his will, having constituted three trustees of certain property, provided as follows: "And whenever any vacancy shall occur in the number of my trustees, I then will and direct that there shall be nominated and appointed such trustee or trustees; and, in such case, the surviving or acting trustees for the time being shall, by an instrument or petition, nominate suitable person or persons to be appointed by the judge of probate for the time being such trustee or trustees in the place of the trustee or trustees dying, resigning or removing; and in making such nomination I will and desire that my own sons (if living and willing to accept the trust) shall first be nominated and appointed, and after them my sons-in-law, if deemed competent, and there should be nothing in the nature and character of the trusts incompatible with their assuming the said trusts. And in default of such nomination and appointment I direct that a new trustee or new trustees shall in every such case be appointed by the said judge of probate, or by one or more of the justices of the supreme judicial court." *Held*, that a new trustee, nominated as above provided and appointed by the judge of probate, was duly appointed, although the judge gave no notice to persons interested; as in making the appointment he did not act officially, but under the will.

BILL IN EQUITY by the trustee under the will of Robert G. Shaw to compel the specific performance of a contract made by the defendant to exchange one share of the Dwight Manufacturing Company owned by him for thirty-three shares of the preferred stock of the New England Worsted Company, which were a part of the trust estate held by the plaintiff.

The following facts appeared by the bill and answer: The parties entered into the agreement referred to, and on the 20th

of January 1866 the plaintiff tendered to the defendant a transfer of the thirty-three shares executed by himself as sole trustee, but the defendant declined to accept the same, alleging that the transfer by the plaintiff was not sufficient to convey a title to the shares, because the plaintiff was not sole trustee under the will, but there were three joint trustees, namely, the plaintiff, William B. Green, and Francis E. Parker.

Robert G. Shaw in his will devised and bequeathed certain property to the plaintiff, George R. Russell and Samuel P. Shaw, upon certain trusts; and therein provided as follows: " And whenever any vacancy shall occur in the number of my trustees, I then will and direct that there shall be nominated and appointed such trustee or trustees; and in such case the surviving or acting trustees for the time being shall by an instrument or petition nominate suitable person or persons to be appointed by the judge of probate for the time being such trustee or trustees in the place of the trustee or trustees dying, resigning or removing as aforesaid; and in making such nomination I will and desire that my own sons (if living and willing to accept the trust) shall first be nominated and appointed, and after them my sons-in-law, if deemed competent, and there should be nothing in the nature and character of the trusts incompatible with their assuming the said trusts. And in default of such nomination and appointment, I direct that a new trustee or trustees shall in every such case be appointed by the said judge of probate or by one or more of the justices of the supreme judicial court in this commonwealth; and the new trustee or trustees so appointed shall have the power, right and interest touching the trust premises, and be subject to the same duties and liabilities, as if herein and hereby appointed trustee or trustees; and in case of the death, resignation or removal of any or either of my said trustee or trustees, I hereby declare that the trust powers and duties hereby created and assigned to them be executed and discharged by the remaining trustee or trustees and the new trustees so nominated, constituted and appointed as aforesaid."

George R. Russell and Samuel P. Shaw resigned their office

as trustees; and the sons and sons-in-law of the testator declined to accept the trust; and the plaintiff, as sole acting trustee, together with all the sons and sons-in-law of the testator, in February 1864, presented to the judge of probate a petition, setting forth the facts and praying that the vacancies might be filled by the appointment of William B. Greene and Francis E. Parker as trustees to hold the said property jointly with the plaintiff. And the judge of probate at a probate court held in May 1864 appointed them accordingly. In May 1864 two minor children were interested in the trust fund, who had no guardian or guardian *ad litem,* and no notice was in any man ner given to them, prior to said appointment.

The case was reserved, by *Gray,* J., for the determination of the whole court.

*F. E. Parker,* for the plaintiff, cited, as to the jurisdiction of the court to compel specific performance of the agreement *Todd* v. *Taft,* 7 Allen, 371; and as to the point that the two trustees were not duly appointed, Gen. Sts. *c.* 100, § 8; *Allis* v *Morton,* 4 Gray, 63; *Loring* v. *Steineman,* 1 Met. 207; *Mass Gen. Hosp.* v. *Amory,* 12 Pick. 445; *Smith* v. *Rice,* 11 Mass 507; Lewin on Trusts, (2d Amer. ed.) 710.

*R. T. Paine, Jr., pro se,* in addition to some of the above cases, cited *Warburton* v. *Sandys,* 14 Sim. 622; Lewin on Trusts, (2d Amer. ed.) 566; *Parker* v. *Converse,* 5 Gray, 336.

HOAR, J. It is provided, in Gen. Sts. *c.* 100, § 9, that " when a trustee under a written instrument declines, resigns, dies or is removed, before the objects thereof are accomplished, if no adequate provision is made therein for supplying the vacancy, the probate court or supreme judicial court shall, after notice to all persons interested, appoint a new trustee, to act alone or jointly with the others as the case may be." No statute gives the court of probate authority to appoint a trustee without notice. The twenty-second section, giving that court equity jurisdiction, concurrently with the supreme judicial court, in cases of trusts created by will, for which no other provision is made in the same chapter, contains nothing which will imply a dispensing with the notice which the practice in equity requires.

As no notice was given to persons interested, the appoint-ment by the judge of probate of the new trustees was not authorized by statute; and it only remains to consider whether it was a valid appointment under the will of Mr. Shaw. This _s a question of construction of the will. It is undoubtedly competent for a testator to provide by his will for the substitu-cion of new trustees in case of a vacancy occurring among those first appointed, as much as it is in his power to create the trust. And he may do this directly by naming the persons to be substituted, or by giving a power of appointment. When the power of appointment given by the will is duly exercised, the trustees take under the will, and derive their powers from the act of the testator.

On the other hand, it is equally certain that it is not in the power of a testator to confer upon a judicial tribunal a juris-diction which is not conferred by law. If therefore a testator gives by his will to a judicial officer a power of appointment which the law does not give or sanction, the reference to the official character must be regarded as only a description of the person who is to execute the power. The duty of making the appointment would not be binding upon him in his official capacity, so that he could be impeached for a wilful neglect or refusal to discharge it; nor, in the case of a judge of probate, would an appeal lie from any improper exercise of the power. If the power were duly exercised, the trustee would derive his authority from the will, and not from the judicial act of the officer intrusted by the will with the appointing power.

In considering whether, by the will of Mr. Shaw, there is " adequate provision made therein for supplying the vacancy " made by the resignation of his trustees, we find it provided that when the vacancy occurs, " the surviving or acting trustees for the time being shall, by an instrument or petition, nominate suitable person or persons to be appointed by the judge of pro-bate for the time being;" and in making such nomination, the testator wills and desires that his own sons (if living and will-ing to accept the trust) shall first be nominated and appointed and after them his sons-in-law, if deemed competent, and there

should be nothing in the nature and character of the trusts in compatible with their assuming them. And in default of such nomination and appointment, he directs "that a new trustee or new trustees shall, in every such case, be appointed by the said judge of probate, or by one or more of the justices of the supreme judicial court in this commonwealth." The case shows that the "nomination and appointment" for which the first clause makes provisions have been in fact made; and we are of opinion that it is a valid appointment under the will.

It is to be observed that the probate court has a duty to per-form in regard to trustees who are made such by the act of the testator. Unless expressly exempted, they must give a bond for the execution of their trust before entering upon it, and this bond the judge of probate must approve. A failure to give the bond is made by the statute a declination of the trust. Gen. Sts. c. 100, §§ 1–4. This requirement of law seems to afford a sufficient explanation of the testator's intention in requiring the judge of probate to "appoint" the new trustees whom the sur viving or acting trustees are directed to "nominate." A nomi nation in conformity with the will determines the persons who are to be trustees. And that this was intended by the testator to be not only an adequate but a complete provision for filling vacancies in the trust, and not, as the plaintiff contends, a mere recognition of the statute power of the court of probate to appoint trustees where none are provided by the will, with a direction to the existing trustees to procure the exercise of the power, is confirmed, we think, by two further considerations.

First, the statute power of appointment upon notice to all parties interested is a general power, to be exercised only in case of failure of other adequate provision, and, when exercised, given without limitation. But by the will of Mr. Shaw, the appointment is limited in the first instance to his sons, then to his sons-in-law, and then to any suitable persons nomi-nated by the surviving or acting trustees. The acting trustees are not merely to petition the court to appoint trustees, but they are to nominate the trustees to be appointed, with a limitation as to the persons to be nominated.

And secondly, the subsequent clause in the will, " in default of such nomination and appointment," may well be construeᴅ as referring to the powers of the court of probate, to be exercised in the first instance by the judge of probate, and upon an appeal, by a justice of this court or by the whole court. This would show that he understood the previous provision to be one of a different kind, and that resort was to be had to the court in the statute form, and notice to parties interested to be required, only in case of the failure of the method which he had devised.

We are therefore of opinion, that as the provision made by the will for the appointment of new trustees has been strictly and literally followed, and has proved an adequate provision, their appointment was valid without notice to parties interested in the trust, and that the bill must be    *Dismissed with costs.*